IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Miyuki Maureen Johnson, | ) | C/A No.: 3:26-498-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Credit Acceptance Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Miyuki Maureen Johnson ("Plaintiff"), proceeding pro se, filed this complaint against Credit Acceptance Corporation ("Defendant"), alleging Defendant violated her rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge deny Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 3][1] and dismiss the complaint without prejudice.

---

[1] There is no clear precedent in the Fourth Circuit concerning a magistrate judge's authority to issue an order denying a motion for leave to proceed in forma pauperis.[1] The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed in forma pauperis. *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990). Specifically, the *Woods* court ruled that a denial of an application to proceed in forma pauperis by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *Id.* at 187. The Fifth and Tenth Circuits have reached similar

Plaintiff filed a complaint on February 6, 2026. [ECF No. 1]. She alleged Defendant "is a national lender and debt collector affecting interstate commerce." *Id.* at 1. She states Defendant "attempted to collect an alleged consumer debt related to a motor vehicle"; she "disputed the debt and requested verification"; and "Defendant continued collection and reporting activity without proper validation." *Id.* She claims Defendant's actions "caused financial harm and emotional distress." *Id.* She alleges "Defendant engaged in false, deceptive, and misleading representations," "failed to cease collection after dispute," and "violated consumer protection standards." *Id.* at 1–2. She requests the court award her "statutory damages, actual damages, costs, and appropriate equitable relief." *Id.* at 2.

On February 18, 2026, the undersigned reviewed the complaint, noted deficiencies, and issued a proper form order and an order and notice permitting Plaintiff until March 11, 2026, to cure the deficiencies and either pay the filing and administrative fees or complete, sign, and submit Form AO 239. [ECF Nos. 6, 7]. The order and notice advised Plaintiff that Defendant did not appear to be a "debt collector" subject to the FDCPA and that she had failed to state a claim against Defendant. [ECF No. 7]. The proper form order noted that

---

conclusions. *See Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004). Therefore, the undersigned submits this Report and Recommendation to preserve Plaintiff's opportunity to obtain a *de novo* review by the district judge on objections.

Plaintiff had failed to provide the court with her address[2] and sufficient information to evaluate her motion to proceed in forma pauperis. [ECF No. 6].

The deadline for Plaintiff's response has passed and a review of the docket reveals she has not paid the filing and administrative fees, submitted Form AO 239, or filed an amended complaint or other response to the order and notice.

In her motion for leave to proceed in forma pauperis, Plaintiff states she "is indigent and receives Social Security Disability (SSDI) as her primary source of income"; she "has limited monthly income and lacks sufficient funds to pay the filing fee without hardship"; she "previously attempted to pursue related claims in South Carolina state court, but those actions were dismissed without prejudice solely due to inability to pay filing fees, not on the merits"; and she "brings these claims in good faith and believes she is entitled to relief." [ECF No. 3 at 1]. Because Plaintiff was denied the ability to proceed in forma pauperis in state court and failed to include specific representations regarding her income, assets, and liabilities in the motion, the undersigned directed her to complete sign, and return Form AO 239 if she desired to proceed in forma pauperis. *See* ECF No. 6 at 2. As Plaintiff has not filed Form AO 239, the court

---

[2] The order and notice and proper form order were mailed to Plaintiff at the address of record she provided in one of her other pending cases. *See* ECF Nos. 6 at 3 and 8. The Clerk of Court is directed to mail a copy of this report and recommendation to Plaintiff at the same address.

lacks sufficient information to assess whether she qualifies to proceed in forma pauperis. Therefore, the undersigned recommends the court deny Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 3].

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Based on Plaintiff's failure to respond to the court's February 18, 2026 orders within the period permitted by the court, the undersigned concludes Plaintiff does not intend to pursue the above-captioned matter. Accordingly, the undersigned recommends this case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

If Plaintiff files an amended complaint and either pays the filing and administrative fees or completes, signs, and returns Form AO 239 within the time set for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return the file to the undersigned for further action. If, however, Plaintiff fails to take such action,

4

the Clerk shall forward this Report and Recommendation to the district judge

for disposition.

IT IS SO RECOMMENDED.

March 17, 2026                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

6